BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AMOXICILLIN PATENT      )              DOCKET NO. 328
AND ANTITRUST LITIGATION      )

OPINION AND ORDER
————————————

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
ANDREW A. CAFFREY*, AND ROY W. HARPER, JUDGES OF THE PANEL

————————————

PER CURIAM

This litigation consists of three actions, each of which is pending in a different district:  the District of Delaware, the Eastern District of Virginia and the District of the District of Columbia.

Beecham Group Limited (Beecham Group) filed the complaints in the Delaware and Virginia actions against, respectively, Bristol-Myers Company (Bristol) and A. H. Robins Company (Robins).  The complaints allege that the defendant in each action infringed United States patent number 3,192,198 and patent reissue number 28,744, which relate to a semisynthetic penicillin known as amoxicillin (the amoxicillin patents).  Both complaints seek, inter alia, a declaration of validity and infringement, an injunction against future infringement, and damages.

—————————————————
* Judges Lord and Caffrey took no part in the decision of this matter.

- 2 -

Bristol and Robins in their answers to these complaints have asserted in affirmative defenses that the amoxicillin patents are invalid and unenforceable, were procured by misconduct and have been misused.  Both Bristol and Robins have also filed counterclaims against, inter alia, Beecham Group and Beecham, Inc. (Beecham Group and Beecham, Inc. are hereinafter referred to as the Beecham parties.)

In Bristol's counterclaims in the Delaware action, Bristol seeks:  (1) a declaration that the amoxicillin patents are invalid and unenforceable; (2) a declaration that, by reason of a 1959 agreement between Beecham Group and Bristol, Bristol is entitled to manufacture, use and/or sell amoxicillin in the United States; and (3) treble damages on the ground that the Beecham parties and Hoffman-LaRoche, Inc. (Roche)[1/] conspired in violation of Section 1 of the Sherman Act to restrain trade unreasonably in amoxicillin by fraudulently procuring and enforcing the amoxicillin patents, by preventing the sale of amoxicillin in bulk form, and by refusing to license the amoxicillin patents in the United States.

In the Virginia action, Robins has asserted two counter-claims.  The first counterclaim seeks a declaration that

---

[1/]    Roche is a named co-conspirator, but not a defendant, in this counterclaim.

the amoxicillin patents are invalid and unenforceable.[2]/
Robins' second counterclaim alleges that the Beecham parties
and Roche [3]/ conspired in violation of Section 1 of the
Sherman Act to restrain trade unreasonably in amoxicillin
by fraudulently procuring and enforcing the amoxicillin
patents, by preventing the sale of amoxicillin in bulk form,
and by refusing to license the amoxicillin patents in the
United States.  Robins also alleges that the Beecham parties
are attempting to monopolize trade in amoxicillin in violation
of Section 2 of the Sherman Act.  The Beecham parties initiated
this illegal conduct concerning the amoxicillin market in
the early 1970's, Robins alleges, after the Beecham parties
came under widespread legal challenge for anti-competitive
practices in, and monopolization of, trade in a related
semisynthetic penicillin known as ampicillin.[4]/  Robins

---

2/    Robins has brought this first counterclaim against
Beecham Group and Bristol.  Bristol was included as a defendant
on the ground that the 1959 agreement between Bristol and
Beecham Group gave Bristol certain rights to the amoxicillin
patents in the United States and that therefore Bristol
is a necessary party to this counterclaim pursuant to Rule
19, Fed.R.Civ.P.

3/   As in the counterclaim filed by Bristol in the Delaware
action, Roche is named in the second Virginia counterclaim as
a co-conspirator but not as a defendant.

4/    In July 1970, the Panel transferred In re Ampicillin
Antitrust Litigation, 315 F. Supp. 317 (J.P.M.L. 1970),
to the District of the District of Columbia, where it is
presently pending before the Honorable Charles R. Richey.
The transferee court has basically described the actions
in Ampicillin as follows:

alleges that Beecham Group's attempt to monopolize trade in amoxicillin is an effort to continue and extend its alleged monopolization of trade in ampicillin.

Biocraft Laboratories, Inc. (Biocraft) is the sole plaintiff in the District of Columbia action.  The complaint in that action names the same defendants as, and is virtually identical to, Robins' two counterclaims in the Virginia action.  Biocraft, Robins' supplier of amoxicillin, states in this complaint that Biocraft has in effect agreed to hold Robins harmless against Beecham Group's claims for infringement in the Virginia action and to defend those claims against Robins.

This litigation is before the Panel on the motion of Biocraft and Robins for transfer pursuant to 28 U.S.C. §1407 of the Delaware and Virginia actions to the District of the District of Columbia for coordinated or consolidated pretrial  proceedings with the action pending there.  The Beecham parties agree that these actions are appropriate for transfer under Section 1407, but urge that the District

---

These suits seek damages and, in some instances, various types of equitable relief from the defendants, Bristol-Myers Company, Beecham Group Limited and Beecham, Inc., for alleged violations of the Antitrust Laws with respect to ampicillin and other semisynthetic penicillin drugs.  Specifically, plaintiffs claim defendants have fraudulently procured and enforced the ampicillin patent and have engaged in a conspiracy to restrain and monopolize trade in ampicillin and other semisynthetic penicillins with resultant overcharges to the plaintiffs.

In re Ampicillin Antitrust Litigation, 55 F.R.D. 269, 271 (D.D.C. 1972) (footnotes omitted).

All the parties to the present litigation except Robins are also parties to Ampicillin.

of Delaware is the most appropriate transferee district.
Bristol suggests that Section 1407 transfer may be premature
because only three actions currently are involved and additional
actions concerning the amoxicillin patents may be filed.  In
the  event  that the Panel orders transfer, however, Bristol
favors transfer to the District of Delaware.$\underline{5}/$

       We find that these actions involve common questions
of fact and that transfer of the Virginia and Delaware actions
to the District of the District of Columbia under Section
1407 for coordinated or consolidated pretrial proceedings
with the action pending there will best serve the convenience
of the parties and witnesses and promote the just and efficient
conduct of the litigation.

       All parties recognize, and we agree, that these actions
share numerous complex questions of fact relating to, inter
alia:  (1) the issues of validity and enforceability of
the amoxicillin patents; (2) Beecham Group's conduct in
the procurement of these patents; and (3) Beecham Group's
alleged misuse of the patents by conspiring with Beecham,
Inc. and Roche to restrain trade unreasonably in amoxicillin.

---

5/    After the Panel hearing on this matter, Bristol, by
letter to the Panel dated March 1, 1978, suggested that,
in the alternative, the District of New Jersey would be
an appropriate transferee district.  The Beecham parties
have advised the Panel that they have no objection to transfer
of this litigation to New Jersey; Biocraft and Robins, however,
oppose such a transfer.  We find that the District of New
Jersey would not be an appropriate transferee forum for
this litigation.

In addition, the Virginia and District of Columbia actions share complex factual questions concerning the Beecham parties' alleged monopolization of trade in amoxicillin. Because of the presence of complex factual questions and the strong likelihood that discovery concerning these questions will be both complicated and time-consuming, we rule that transfer under Section 1407 is appropriate at the present time even though only three actions are presently involved.  See generally In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969).  Any related actions that may be filed will be treated as tag-along actions. See Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255, 259-60 (1975).

The Beecham parties and Bristol maintain that the District of Delaware is the most appropriate transferee forum  for the following reasons:  (1)  In response to Bristol's discovery request in the Delaware action, the Beecham parties are preparing to produce a substantial number of documents in Delaware, whereas no discovery has yet been commenced in the Virginia or District of Columbia actions;  (2)  The corporate headquarters of Beecham, Inc., Biocraft and Bristol are located in either New York or New Jersey, and are more conveniently located to Delaware than to  Virginia or the District of Columbia;  (3)  The District of Delaware is a convenient and easily accessible forum

for all other parties in this litigation; and (4) The Beecham
parties and Bristol -- allegedly the "principal antagonists"
in this litigation -- favor transfer to Delaware.

The Beecham parties further argue that the District
of the District of Columbia is an  inappropriate transferee
district.  While the parties advocating the District of
the District of Columbia as the transferee forum assert
that the present litigation and Ampicillin are closely related,
the Beecham parties maintain that the two litigations do
not share significant common questions of fact or law concerning
either the patent or antitrust issues involved in each re-
spective litigation.  The Beecham parties also contend that Judge
Richey has not gained any special knowledge in Ampicillin
that would warrant transfer of the amoxicillin actions to
him.  Finally, the Beecham parties argue that transfer of
the present litigation to the District of the District of
Columbia would unduly delay and confuse pretrial proceedings
in both this litigation and Ampicillin, and might ultimately
delay trial(s) in Ampicillin.

We find these arguments unconvincing.  On the basis
of the record before us, the precise nature of the relationship
between the actions now under consideration and the actions
in Ampicillin is somewhat unclear.  We are persuaded, however,
that Judge Richey has had the opportunity from supervising
Ampicillin to become familiar with chemical and historical

matters relating to the semisynthetic penicillin industry
and that therefore assignment of the present litigation
to him will promote the expeditious processing of this liti-
gation.  This conclusion is augmented by the fact that all
but one of the litigants now before us are parties to Ampicillin.
We also note that Biocraft and Robins represent that the
document depository for Ampicillin contains many documents
relevant to the amoxicillin litigation and that that depository
is located in the District of Columbia.

Our transfer of the present litigation to the District
of the District of Columbia does not mean that this litigation
and Ampicillin are now merged.  Rather, we are simply of
the view that factors relating to the presence of Ampicillin
in the District of the District of Columbia tip the scales
in favor of that district as the transferee forum for the
present litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.
§1407, the actions listed on the following Schedule A and
pending in districts other than the District of the District
of Columbia be, and the same hereby are, transferred to
the District of the District of Columbia and, with the consent
of the court, assigned to the Honorable Charles R. Richey
for coordinated or consolidated pretrial proceedings with
the action already pending there and listed on Schedule
A.

DOCKET NO. 328

SCHEDULE A

## District of Delaware

Beecham Group Limited v. Bristol-Myers    Civil Action
Co.                                       No. 77-274

## Eastern District of Virginia

Beecham Group Limited v. A. H.            Civil Action
Robins Co.                                No. 77-0553-R

## District of the District of Columbia

Biocraft Laboratories, Inc. v.            Civil Action
Beecham Group Limited, et al.             No. 77-2021